**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 13-4082**

UNITED STATES OF AMERICA,

              Plaintiff - Appellee,

        v.

TRENTON JAQUAN RALEY,

              Defendant - Appellant.

Appeal from the United States District Court for the Western District of North Carolina, at Charlotte.  Max O. Cogburn, Jr., District Judge.  (3:11-cr-00293-MOC-2)

Submitted:  September 9, 2013         Decided:  September 16, 2013

Before DUNCAN, DAVIS, and FLOYD, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Aaron E. Michel, Charlotte, North Carolina, for Appellant.  Anne M. Tompkins, United States Attorney, Melissa L. Rikard, Assistant United States Attorney, Charlotte, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Trenton Jaquan Raley pled guilty, pursuant to a written plea agreement, to Hobbs Act robbery and aiding and abetting same, in violation of 18 U.S.C. §§ 1951 & 2 (2006), and brandishing a firearm during a crime of violence and aiding and abetting same, in violation of 18 U.S.C. §§ 924(c) & 2 (2006). The district court granted a downward departure and sentenced Raley to sixty-seven months' imprisonment. On appeal, Raley raises two constitutional challenges to his convictions. Finding no error, we affirm.

Raley first contends that, by charging him with Hobbs Act robbery, the Government deprived him of due process by interfering with his right to a speedy trial in state court. Raley's due process claim essentially is a claim of pre-indictment delay; to the extent that he raises a claim of infringement on his right to a speedy trial in federal court under the Sixth Amendment, any "delay is wholly irrelevant" because "only a formal indictment or information or else the actual restraints imposed by arrest and holding to answer a criminal charge engage the particular protections of that provision." United States v. Lovasco, 431 U.S. 783, 788 (1977) (internal quotation marks and ellipsis omitted). Moreover, we conclude that any claim under the Due Process Clause of the Fifth Amendment fails because Raley has not demonstrated that he

2

was actually prejudiced by any delay between the date of his offenses and the federal grand jury's indictment, see id. at 789-90, and because, "where a defendant violates both state and federal laws, either or both can prosecute the defendant." United States v. Smith, 30 F.3d 568, 572 (4th Cir. 1994).

Raley also contends that the Hobbs Act as applied to his case was unconstitutional under the Commerce Clause and thus, the district court lacked jurisdiction over his case. The Hobbs Act provides for the punishment of anyone who "in any way or degree obstructs, delays, or affects commerce or the movement of any article or commodity in commerce, by robbery or extortion or attempts or conspires so to do." 18 U.S.C. § 1951(a). This statute applies to all commerce between states, United States possessions and territories, and the District of Columbia. 18 U.S.C. § 1951(b)(3). The Hobbs Act "speaks in broad language, manifesting a purpose to use all the constitutional power Congress has to punish interference with interstate commerce by extortion, robbery or physical violence. The Act outlaws such interference in any way or degree." Stirone v. United States, 361 U.S. 212, 215 (1960) (internal quotation marks omitted). We conclude that the indictment alleged a sufficient nexus to interstate commerce to prosecute Raley under the Hobbs Act, satisfying the jurisdictional requirements of that statute. See

United States v. Williams, 342 F.3d 350, 354-55 (4th Cir. 2003) (discussing Hobbs Act).

Accordingly, we affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED